UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN CHARLES JOHNSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. DHALIVAL et al., <br><br> Defendants. | Case No. 2:21-cv-06526-SB (AS) <br><br><br> ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint (FAC), all the records herein, and the Report and Recommendation (R&R) of the United States Magistrate Judge. After conducting a de novo review of the challenged portions of the Report and Recommendation, the Court ACCEPTS IN PART the findings and conclusions of the Magistrate Judge.

  Plaintiff, a prisoner in federal custody, brings an Eighth Amendment deliberate indifference claim, alleging that he was improperly prescribed a drug that exacerbated his preexisting kidney condition. Dkt. No. 10. Defendants moved to dismiss Plaintiff's complaint for failure to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in light of the Supreme Court's recent decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022). Dkt. No. 52. In the alternative, Defendants moved for summary judgment because the evidence shows that Plaintiff failed to exhaust his administrative remedies in prison. *Id*. The Magistrate Judge considered both challenges to the FAC and recommends denying the motion to dismiss for failure to state a *Bivens* claim but granting the motion for failure to exhaust. Defendants filed objections to the recommended finding that Plaintiff has stated a *Bivens* claim, arguing that the "analysis is contrary to the law and clearly fails to adhere to the Supreme Court's controlling recent decision . . . ." Dkt. No. 62 at 2 of 8.

For the persuasive reasons stated in the R&R, the Court adopts the recommendation that the FAC be dismissed for Plaintiff's failure to exhaust his administrative remedies. Having concluded that Plaintiff failed to exhaust, the Court need not reach the relatively more difficult question whether Plaintiff has stated a *Bivens* claim. The U.S. Supreme Court has strongly emphasized that the judicially created remedy recognized in *Bivens* rests on constitutionally tenuous grounds. *Egbert*, 142 S. Ct. at 1803 ("At bottom, creating a cause of action is a legislative endeavor."). Most recently, the Court explained that while its prior cases described the inquiry into whether to recognize an implied remedy as a two-step process, "those two steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. That test is plainly satisfied when "Congress has provided alternative remedies for aggrieved parties." *Id*. at 1806.

In *Egbert*, the Supreme Court went on to explain that a plaintiff cannot simply rely on "parallel circumstances" with the few cases in which an implied remedy has been recognized, including in the case of *Carlson v. Green*, 446 U.S. 14 (1980). When relying on the circumstances in *Carlson*, a plaintiff also must "satisf[y] the analytic framework prescribed by the last four decades of intervening case law." *Egbert*, 142 S. Ct. at 1809 (cleaned up). It is far from clear that Plaintiff in this case could clear this hurdle, especially in light of the subsequent passage of the Prison Litigation Reform Act (PRLA), which created an alternative remedial scheme specifically designed to address the proliferation of prisoner claims. *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (noting that Congress enacted the PLRA because it "was preoccupied with the proliferation of civil-rights suits challenging prison conditions"). The separation-of-powers concern that informs *Bivens* jurisprudence in the decades following this landmark decision is arguably heightened in the context that gave rise to the PLRA—i.e., prisoner civil rights complaints about the conditions of their confinement. This is not a question that must be reached in this case, however, because Plaintiff, by failing to exhaust his administrative remedies, has failed to take a necessary step to having his case heard on the merits. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."); *see also Dillingham v. Scruggs*, No. 12-CV-06537-YGR, 2015 WL 5258816, at *8 n.7 (N.D. Cal. Sept. 8, 2015) ("The Court's finding that Defendants are entitled to summary judgment (based on the failure to exhaust administrative remedies) as to all claims in Plaintiff's [F]AC . . . obviates the need to address Defendants' alternative arguments to dismiss the SAC for failure to state a claim.").

Therefore, IT IS HEREBY ORDERED that Defendants' Motion at Dkt. No. 52 is GRANTED IN PART.  The Court GRANTS Defendants' alternative motion for summary judgment, and Plaintiff's claims are DISMISSED without prejudice for failure to exhaust his administrative remedies.  Defendants' motion to dismiss Plaintiff's claims is DENIED as MOOT.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff and counsel for Defendants.

Date: March 11, 2023                          _____
                                                                       Stanley Blumenfeld, Jr.
                                                   United States District Judge